## UNITED STATES v. YUKIO ABE et al.
### Crim. No. 10335.

United States District Court D. Hawaii.

Nov. 17, 1950.

Howard K. Hoddick, Acting U. S. Atty. District of Hawaii, Honolulu, T. H., for plaintiff.

Bouslog & Symonds, Honolulu, T. H., Norman K. Chung, Honolulu, T. H., for defendants.

METZGER, Chief Judge.

The Court has spent many hours in examining the Motion to Dismiss, which embraces a comprehensive brief and the citation of many authorities on the issues presented, and has examined with equal care the able brief and many authorities quoted by the United States Attorney in opposition to the Motion to Dismiss. Many of

the authorities of both contenders have been read and studied from beginning to end.

Most of the contentions of the defendants in their Motion to Dismiss have been disposed of adversely by courts superior to this. In Lawson v. U. S., known as the "Hollywood Ten" Case, 85 U.S.App.D.C. 167, 176 F.2d 49, the Court upheld the right of the House Un-American Activities Committee to ask questions concerning political affiliations without infringing on the First Amendment. For other cases sustaining the validity of the Committee and its right to ask questions the cases of U. S. v. Josephson, 2 Cir., 165 F.2d 82; Dennis v. U. S., 84 U.S.App.D.C. 31, 171 F.2d 986; Morford v. U. S. 85 U.S.App.D.C. 172, 176 F.2d 54, and U. S. v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884, the Courts were of the opinion that the Committee and its sub-committee were empowered and justified in asking questions concerning Communistic membership and affiliation.

Two issues raised by the Motion, one relating to the number of counts in the various indictments containing more than one count, separate counts being based on separate refusals to answer questions pertaining to the same general subject matter, and one issue as to the validity of the Statute involved, on the ground that it infringes on the right guaranteed by the Fifth Amendment to the Constitution that no person shall be compelled to give incriminating evidence or be a witness against himself have been disposed of adversely to the contentions of the Government in several cases coming before the Supreme Court of the United States, depending upon the circumstances involved in various cases.

■ As to objections to the number of Counts, the Court is of opinion that the Government has the right to frame each refusal to answer in a separate Count. Rule 8, Federal Rules of Criminal Procedure, 18 U.S.C.A. However, as the questions appear to be directed all to one subject of inquiry and the answers were simultaneous during the proceedings, and continous acts, the indictments therefore charge only one alleged offense. Kerr v.

Squier, 9 Cir., 151 F.2d 308; Price v. U. S., 5 Cir., 150 F.2d 283–285; Upshaw v. U. S., 10 Cir., 157 F.2d 716, strongly indicate that no matter how many refusals to answer may occur in an examination such as is alleged, the maximum sentence that could be imposed pursuant to the Statute involved, Sec. 192, Title 2 U.S.C.A., would be punishment for not more than one refusal.

■ As to the invalidity of the Statute on the ground it infringes on the right guaranteed every person by the Fifth Amendment that no person shall be compelled to give testimony against himself, the recent case of Alexander v. U. S., 181 F.2d 480, and Kasinowitz v. U. S., 181 F.2d 632, both being decisions of the Court of Appeals of the Ninth Circuit, in which Circuit this Court belongs and which decisions are binding on this Court, even if there were other appeal court decisions to the contrary, so long as they stand unreversed by the Supreme Court of the United States, and, as well, Eates v. Potter, 183 F.2d 865, of the Fifth Circuit Appeals Court, also U. S. v. Bryan, 1950, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884, 8 Wigmore, Evidence (3rd Ed.1940), Sec. 2250 and numerous other authorities, confirm these decisions, the Court is entirely satisfied that a person appearing before a Congressional Committee, or a Grand Jury or any Court or Administrative agency, has a right to decline to answer any question propounded to him that may tend to incriminate him.

■ So far as the Indictments or the Motions to Dismiss are concerned, it does not appear that the grounds for refusals to answer were based upon a claim that answers might incriminate the defendants. This would have to be developed by Evidence. Assuming that defendants based their refusals to answer upon that ground, then the issue presented would be whether the Court could take judicial notice of the convictions of the officers and members of the Communist Party in the U. S. v. Dennis, tried before Judge Medina's court, affirmed 2nd Cir. August 14, 1950 for violations of the Smith Act, Criminal Code,

18 U.S.C.A. §§ 2385, 2387 and 371, 183 F.2d 201, as constituting sufficient basis for the Court to conclude the defendants had reasonable ground to believe their answers might incriminate them.

The views here expressed compel the opinion that a ruling on the Motion to Dismiss should be deferred until after a trial on the issues not disposed of. Such procedure is dictated by Rule 12(b)(4) of the Federal Rules of Civil Procedure, 28 U.S. C.A. It is so ordered. The defendants will now be arraigned.