**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Elijah Dewayne SMITH,
Defendant-Appellant.**

**No. 75-1604.**

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 26, 1976.

Decided March 2, 1976.

J. Terry Wiggins, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Richard B. Bauer, Westminster, Colo., for defendant-appellant.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Appellant was convicted of criminal contempt—two counts—following his refusal to testify in successive criminal trials. He had been granted immunity. Basically he contends that the proceedings granting immunity were defective and he also attacks the double convictions advancing a jeopardy argument.

In the summer of 1974, defendant-appellant testified before a grand jury with respect to a bank robbery. Indictments were subsequently returned. In December 1974, he was called as a witness at a trial of the three individuals who had been indicted. On that occasion, however, he refused to testify, claiming a privilege against self-incrimination. Thereupon, the Assistant U. S. Attorney applied to the court for an immunity order pursuant to 18 U.S.C. Section 6003. Authorization was granted by the Assistant Attorney General in charge of the Criminal Division via teletype, but thereafter defendant still claimed lack of understanding of the immunity. In view of this, counsel was appointed to advise him. This, however, did not help; the defendant persisted in his refusal to testify. Inasmuch as the Assistant U. S. Attorney had made an opening statement (to the court and jury) commenting on the testimony of the prospective witness, the court granted a mistrial.

The cause was set down before a different judge (Judge Matsch) in January 1975. At that trial appellant was again called as a prosecution witness having indicated to the prosecution that he had some indecision as to whether he would testify. But, alas, he again refused to testify and again he was given immunity and he persisted in his refusal to testify. On this latter occasion the authorization from the Department of Justice given at the previous trial was used in extending immunity.

The trial of the appellant for criminal contempt pursuant to 18 U.S.C. Section 401 took place in June 1975. At that trial the government introduced the relevant papers, that is to say, the immunity orders, the application and authorization with regard

to each, and the transcripts of the proceedings. There was a stipulation that both transcripts accurately represented the proceedings and that both orders were entered and signed by Judges Winner and Matsch on the dates in question and that the Assistant U.S. Attorney rather than the U.S. Attorney had signed one of the applications. Appellant objected to the acceptance in evidence of these exhibits on the basis that 18 U.S.C. Section 6003 had not been satisfied. Nevertheless, the exhibits were received.

The points urged on this appeal are:

First, that the court erred in allowing into evidence the orders of the court.

Second, that the indictment was multiplicitous and insufficient.

Third, that the jury should have been instructed that the defendant acted under the influence of duress.

### I.

■ We conclude that the court correctly received the several documents and that there is no merit whatsoever to the contention that 18 U.S.C. Section 6003 was not complied with. The argument that the application was signed by the Assistant U.S. Attorney rather than the U.S. Attorney as specified in the statute is also meritless. True, the statute does not specifically provide for an assistant making application. However, the argument loses sight of the fact that the U.S. Attorney is allowed to designate any assistant U.S. attorney to carry out his functions during his absence including the signing of any necessary papers. *See* 28 CFR Section 0.131. There was evidence in the present case that the U.S. Attorney was, or was about to be, hospitalized at the time the application was made. The First Assistant U.S. Attorney, acting in the U.S. Attorney's stead, signed the application so there was substantial compliance with the statute.

■ Similarly, the lack of a handwritten signature on the teletype from Assistant Attorney General Peterson approving the authorization is not meritorious. The statute does not require that this approval be in any particular form. It is not nor could it be contended that the teletype was not authentic. In fact, a letter was sent signed by Peterson subsequently.

### II.

■ It is next argued that the authorization issued in December to support the general application invalidates the order insofar as it is applied to the second effort to obtain the testimony of appellant. It is said that a specific authorization is required each time. This fails to take into account that the authorization covered both transactions. It included further court proceedings resulting therefrom or ancillary thereto. Thus, the authorization makes provision for all proceedings arising out of the bank robbery transaction and does not contemplate further authorization on each new occasion. *See In re Weir*, 520 F.2d 662 (9th Cir. 1975), holding that a new grant of authority is not necessary to compel testimony before the grand jury. It is unreasonable to compel the Justice Department to apply for immunity with a related review of the record each time a problem of this kind comes up. To so hold would be to approve legal maneuvering by an accused. This we refuse to do.

### III.

■ Appellant's argument that he could be convicted of only one offense is also lacking in merit. It is not double jeopardy because there were distinct transactions and distinct violations. The cases hold that successive contempts are punishable as separate offenses. *United States v. Gebhard*, 426 F.2d 965, 968 (9th Cir. 1970); *United States v. Hawkins*, 501 F.2d 1029, 1031 (9th Cir. 1974); *Bullock v. United States*, 265 F.2d 683 (6th Cir.), *cert. denied*, 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed.2d 1260 (1950); *Tobin v. Pielet*, 186 F.2d 886 (7th Cir. 1951).

A further reason should be mentioned. Appellant received identical sentences to be served concurrently and thus he is not prejudiced. *United States v. Wertis*, 505 F.2d 683, 685 (5th Cir. 1974); *United States v.*

*Hale,* 468 F.2d 435 (5th Cir. 1972); *see, Hirabayashi v. United States,* 320 U.S. 81, 105, 63 S.Ct. 1375, 1387–1388, 87 L.Ed. 1774, 1778 (1943); *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *United States v. Tager,* 479 F.2d 120 (10th Cir. 1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 924, 39 L.Ed.2d 115 (1974).

We are mindful that the courts hold that a witness who refuses to testify regarding a particular subject cannot have this refusal multiplied by calling him for questioning a number of times only to have him refuse. In *Yates v. United States,* 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957), the Supreme Court recognized this, saying: ". . . the prosecution cannot multiply contempts by repeated questioning on the same subject of inquiry within which a recalcitrant witness already has refused answers." *Id.* at 73, 78 S.Ct. at 133, 2 L.Ed.2d at 101.

The First Circuit in *Baker v. Eisenstadt,* 456 F.2d 382 (1st Cir. 1972), in a proceeding in which privilege against self-incrimination was claimed, spoke out against multiplying contempt penalties.

Also, in the Second Circuit, in an opinion by Judge Augustus N. Hand, it was ruled that where the defendant made his position clear the Committee cannot by continuing to ask him questions eliciting the same answer multiply the contempt. Judge Hand said that his refusal to answer subsequent questions is to be considered only as an expression of his intent not to change his position. *See United States v. Costello,* 198 F.2d 200, 204 (2d Cir.), *cert. denied,* 344 U.S. 874, 73 S.Ct. 166, 97 L.Ed. 677 (1952), rehearing denied, 344 U.S. 900, 73 S.Ct. 166, 97 L.Ed. 677 (1952). *See also United States v. Orman,* 207 F.2d 148, 160 (3d Cir. 1953) (cited by the Supreme Court in *Yates, supra*); *United States v. Abe,* 95 F.Supp. 991, 992 (D. Hawaii 1950); Annotation, 2 L.Ed.2d 1594, 1595 (1957). However, we do not have in the case at bar an attempt at multiplying offenses. From the record presented the government had reason to expect that the defendant would testify when called inasmuch as he had expressed some doubt prior to the second summons.

In the interim period he expressed uncertainty, saying that he had not decided whether to testify. Thus, the government was justified in calling him the second time. On this occasion he refused to answer because he feared reprisals against himself and others if he did testify. At the same time, he refused an offer from the Denver County Jail where the three robbery defendants were incarcerated for transfer to a federal institution for protection purposes.

We see neither merit in the contention nor prejudice resulting from the two prosecutions.

IV.

■ We have considered also the defendant's argument that the indictment was defective. However, it set forth the facts sufficiently to give defendant notice of the transaction which was the subject of the charge and notice of the offense with which he was charged. Also, it was plainly a criminal matter and defendant cannot be heard to say that he was prejudiced by not denominating it as criminal. After all, it was a grand jury indictment.

\* \* \* \* \* \*

■ Finally, we have considered defendant's contention that he was entitled to an instruction specifically submitting the question of duress to the jury. We are unable to accept the argument of appellant that there was substantial evidence justifying the giving of the instruction or the particular instruction requested, which instruction dealt with duress in the context of the allegation that the order was not lawful. This instruction did not set forth the elements of duress and the trial court was correct in its refusal to give it.

The judgment of the district court is affirmed.