**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America, Appellee,**

v.

**Louis ROTUNDO, Appellant.**

**No. 77–1900**
**Summary Calendar. \***

United States Court of Appeals,
Fifth Circuit.

June 22, 1977.
Rehearing and Rehearing En Banc
Denied Aug. 8, 1977.

James J. Hogan, Miami, Fla., for appellant.

Marty Steinberg, Sp. Atty., Dept. of Justice, Miami, Fla., for appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

This is an appeal from an order of the district court adjudging appellant Louis Joseph Rotundo in contempt of court for refusing to testify before a grand jury which was investigating illegal gambling operations. Rotundo's recalcitrance occurred despite his having been granted use immunity by the district court pursuant to the written motion signed by the Acting United States Attorney. We have examined all of the assertions of error asserted by appellant and find them to be without merit. Accordingly, the judgment holding appellant in contempt of court is affirmed.

█ Rotundo challenges the authority of the Acting United States Attorney to request the grant of use immunity upon him as a witness. He contends that the United States Attorney alone may lawfully make such a motion on behalf of the Government. However, the United States Attorney specifically designated his Chief Assistant, Mr. Antle, in writing to perform the functions and duties of the United States Attorney during his absence pursuant to 28 C.F.R.

sec. 0.131.[1] In our view, this was adequate to comply with 18 U.S.C. sec. 6003 [2] pertaining to a motion to order an individual to give testimony despite his privilege against self-incrimination upon the grant of immunity as provided by 18 U.S.C. sec. 6002.[3] *See United States v. Smith*, 10 Cir. 1976, 532 F.2d 158 which approved the designation of an Acting Assistant United States Attorney to perform the functions and duties of the United States Attorney as specifically authorized by 28 C.F.R. sec. 0.131.

█ Appellant further asserts as error the failure of the trial court to grant an evidentiary hearing to permit him to show taint from a New York electronic surveillance. It is clear from the record that neither the prosecutor nor the FBI Agent assisting him had any prior knowledge of the New York interceptions and that they had just been informed thereof before hearing of this contempt proceeding. The Government's counsel (Mr. Steinberg) specifically denied in open court that any information from the New York surveillance

1. 28 C.F.R. sec. 0.131, reads as follows:

Each U.S. Attorney is authorized to designate any Assistant U.S. Attorney in his office to perform the functions and duties of the U.S. Attorney during his absence from office, and to sign all necessary documents and papers as Acting U.S. Attorney while performing such functions and duties.

2. 18 U.S.C. sec. 6003, provides:

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States Attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

3. 18 U.S.C. sec. 6002, provides in pertinent part as follows:

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

. . . . .

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

was used in connection with questions propounded to Rotundo before the grand jury. It was stipulated that Mr. Heist, the FBI Agent assisting the prosecutor, would similarly testify. An affidavit by Mr. Steinberg, Special Attorney for the United States in charge of the investigation concerning Rotundo, to the same effect was filed in the record herein. The affidavit averred that the only electronic surveillance used by the Government was that referred to in the case of *United States v. Sklaroff* which was not connected with the New York surveillance. Lawfulness of that intercept has recently been affirmed by us in *United States v. Sklaroff*, 5 Cir. 1977, 552 F.2d 1156. There was no evidence to the contrary of that produced by the Government and no reason to believe otherwise. *See In re: Lochiatto*, 1 Cir. 1974, 497 F.2d 803; *In re: Millow*, 2 Cir. 1976, 529 F.2d 770. Thus, the assertion of error is without merit, there being no need for an evidentiary hearing under the circumstances.

 It is further charged that the trial court erred and failed to hold that the government's application for disclosure under 18 U.S.C. sec. 2517(5) was insufficient and that being true the questions to the witness Rotundo before the grand jury were illegal.[4] Thus, appellant contends that he asserted "a complete defense" to the contempt proceeding. We have examined the Government's application to use the contents of wire interceptions relating to offenses other than those specified in the intercept order as well as the order of Judge King granting the Government's motion for disclosure. In our view, there has been sufficient compliance with the requirements of 18 U.S.C. sec. 2517(5). We reject, therefore, the contention that the disclosure was insufficient. Read with the Govern-

ment's application, Judge King's order is ample. Nor is the Government's application defective for failure to be supported by oath and affirmation. There is no requirement in the subsection requiring an oath or affirmation. We are also satisfied that the application was made "as soon as practicable" under the circumstances of this case.

AFFIRMED.

---

4. 18 U.S.C. sec. 2517(5), reads as follows:

When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications in the manner authorized herein, intercepts wire or oral communications relating to offenses other than those specified in the order of authorization or approval, the contents thereof, and evidence derived therefrom, may be disclosed or used as provided in subsections (1) and (2) of this section. Such contents and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable.