**Houston WATKINS, Petitioner,**

v.

**Raymond J. HOWARD, U.S. Marshal, Respondent.**

**No. 74–Cr–56.**

United States District Court, E. D. Wisconsin.

Sept. 23, 1977.

William J. Mulligan, U.S. Atty., Milwaukee, Wis., for petitioner.

Milton S. Padway, Milwaukee, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On March 25, 1974, the petitioner Houston Watkins was adjudged in contempt of this court pursuant to Rule 42(a), Federal Rules of Criminal Procedure. The contempt determination was made when Mr. Watkins refused to answer questions placed to him by the prosecution during the trial of *United States v. Paul Edward Bowie*, 73–CR–102, after he was granted immunity from prosecution for his testimony pursuant to 18 U.S.C. § 6002. Mr. Watkins was committed to the custody of the attorney general for a period of 175 days, commencing on completion of all sentences he was then serving.

Mr. Watkins has filed a "petition for an order to show cause why writ of habeas corpus should not issue," which I construe as an application made to the sentencing court pursuant to 28 U.S.C. § 2255, and a "motion to change place of incarceration." For the reasons appearing below, I believe that both of these applications should be denied.

## I. APPLICÁTION PURSUANT TO 28 U.S.C. § 2255

A briefing schedule was established on the petitioner's application. On the basis of the submissions received on the instant application and of the record in *United States v. Houston Watkins*, 74–CR–56, I have determined that the petitioner is not entitled to relief.

Mr. Watkins has advanced four arguments in support of the § 2255 application: (1) this court lacked the power to adjudge the petitioner in contempt and to order him committed because Mr. Watkins correctly asserted a fifth amendment privilege against self-incrimination in response to questions placed by the prosecution during Mr. Bowie's trial; (2) a sentence of 175 days commitment constitutes cruel and unusual punishment in violation of the eighth amendment to the Constitution; (3) the court lacked jurisdiction to treat Mr. Watkins' refusal to testify as a criminal contempt in view of 28 U.S.C. § 1826; (4) the summary proceedings pursuant to Rule 42(a) denied the petitioner notice and an opportunity for hearing pursuant to Rule 42(b) and the fifth amendment to the Constitution.

## A. Privilege Against Self-Incrimination

Mr. Watkins contends that the contempt order is invalid because he was properly asserting a fifth amendment privilege in response to questions placed to him by the prosecution. The petitioner raised a similar argument when he appealed the contempt determination to the court of appeals for the seventh circuit. The court of appeals rejected his argument. *United States v. Watkins*, 505 F.2d 545 (7th Cir. 1974). He has shown no new reason why he should prevail in this court.

## B. Cruel and Unusual Punishment

The petitioner's submissions suggest that he has been released on parole from his prior commitment; that such release demonstrates that he is "a changed man;" and that the 175-day commitment which he is currently serving retards his useful reintegration into the general population and therefore constitutes cruel and unusual punishment.

In my opinion, the duration of the punishment imposed is not cruel and unusual as these words have been defined. *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1975). The punishment imposed is shorter than the maximum possible confinement for related criminal offenses as well as for civil contempt. See *United States v. Leyva*, 513 F.2d 774, 780 (5th Cir. 1975). Moreover, "[s]entences for criminal contempt are punitive in their nature and are imposed for the purpose of vindicating the authority of the court." *United States v. United Mine Workers of America*, 330 U.S. 258, 302, 67 S.Ct. 677, 700–01, 91 L.Ed. 884 (1947). I believe that in this case the 175-day commitment was necessary to fulfill that purpose.

## C. Civil Versus Criminal Contempt

Mr. Watkins argues that his refusal to testify at the *Bowie* trial should have been treated as a civil contempt under 28 U.S.C. § 1826, not as a criminal contempt under 18 U.S.C. § 401. He urges that the civil contempt statute is specifically directed to recalcitrant witnesses in federal proceedings, while the criminal contempt statute is more general in scope. In any event, he contends that the court was obligated to consider confinement for civil contempt before resorting to criminal sanctions.

It is true that 18 U.S.C. § 401(3), relating to criminal contempt, is addressed in general terms to punishment for "[d]isobedience or resistance to [the] lawful . . . order . . . or command" of a federal court. In contrast, 28 U.S.C. § 1826(a), relating to civil contempt, is concerned in specific terms with, *inter alia*, "a witness [who] . . . refuses without just cause shown to comply with an order of the court to testify . . . ."

■ However, case law suggests that a witness who refuses to testify at trial may be prosecuted for criminal contempt pursuant to 18 U.S.C. § 401. *United States v. Smith*, 532 F.2d 158 (10th Cir. 1976). The decision to treat a refusal to testify as criminal, as opposed to civil, contempt falls within the court's discretion. *United States v. Leyva*, 513 F.2d 774, 779 (5th Cir. 1975). In the exercise of his discretion, " '[t]he trial judge [should] first consider the feasibility of coercing testimony through the imposition of civil contempt. The judge should resort to criminal sanctions only after he determines, for good reason, that the civil remedy would be inappropriate.' " *United States v. Wilson*, 421 U.S. 309, 317, n. 9, 95 S.Ct. 1802, 1807, 44 L.Ed.2d 186 (1975), quoting *Shillitani v. United States*, 384 U.S. 364, 371 n. 9, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

■ In this case, as in *Wilson*, a determination of civil contempt and a threat of confinement until the witness agreed to obey the court's order to testify would have little effect since at the time of the *Bowie*

trial Mr. Watkins was already serving a ten year term of imprisonment on a state conviction for armed robbery. (trans. p. 2). *United States v. Wilson*, supra 421 U.S. at 317 n. 9, 95 S.Ct. 1802. Therefore, I believe that a determination of criminal, not civil, contempt was appropriate to this case.

## D. Application of Rule 42, Federal Rules of Criminal Procedure

■ The petitioner urges that he should have been accorded notice and an opportunity for hearing, pursuant to Rule 42(b), Federal Rules of Criminal Procedure, instead of a summary procedure for criminal contempt, pursuant to Rule 42(a).

In *United States v. Wilson*, supra at 316, 95 S.Ct. at 1806, the Court held that

"The face-to-face refusal to comply with the court's order itself constituted an affront to the court, and when that kind of refusal disrupts and frustrates an ongoing proceeding, . . . summary contempt must be available to vindicate the authority of the court as well as to provide the recalcitrant witness with some incentive to testify."

A trial judge may consider whether protracted contempt proceedings under Rule 42(b) will seriously disrupt both the pending trial and other proceedings on the court's calendar. *United States v. Wilson*, supra at 318–319, 95 S.Ct. 1802. Mr. Watkins' refusal to testify occurred during an ongoing criminal trial which would have disrupted both the participants in that trial and the scheduled proceedings in other cases had the trial been adjourned until the completion of criminal contempt proceedings under Rule 42(b). The summary disposition prescribed in Rule 42(a) was therefore necessary under the circumstances of this case.

This decision shall constitute my findings of fact and conclusions of law on the issues raised by Mr. Watkins. For the reasons stated in this decision, his application pursuant to § 2255 will be denied.

## II. MOTION TO CHANGE PLACE OF INCARCERATION

Mr. Watkins seeks a change in the location of his incarceration from the Waukesha

County Jail to a federal work-release program, on the grounds that he previously participated in such a program and that this change would promote his reintegration into the general population. In this regard, I have considered the petitioner's affidavit which accompanies his motion. I have also conferred with the chief United States probation officer for this district. I believe that the decision as to Mr. Watkins' place of incarceration should, absent unusual or compelling circumstances, be left within the province of the Attorney General or his designated representatives. The petitioner's submissions do not advance extraordinary circumstances which would warrant my interference with the decision made by the responsible officers. Mr. Watkins' motion will therefore be denied.

Therefore, IT IS ORDERED that the petitioner's application pursuant to 28 U.S.C. § 2255 be and hereby is denied.

IT IS ALSO ORDERED that the petitioner's motion to change the place of his incarceration be and hereby is denied.