## In re GRAND JURY PROCEEDINGS (Melton G. MACKLEN, Movant).

## In re GRAND JURY PROCEEDINGS (Gaither Ben THOMPSON, Movant).

Misc. Nos. 81–6–51, 81–6–52.

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 4, 1981.

Dave Slattery, Asst. U.S. Atty., Columbia, S. C., for plaintiff.

Will T. Dunn, Jr., Greenville, S. C., for Melton G. Macklen.

Robert M. McInnis, North Myrtle Beach, S. C., for Gaither Ben Thompson.

## ORDER

WILKINS, District Judge.

This matter is before the Court on motion of Mr. Melton G. Macklen and Mr. Gaither Ben Thompson to require the government to affirm or deny the use of illegal wiretapping against them. Both men have been subpoenaed to testify before the Federal Grand Jury, but state their intention to refuse to answer questions unless they are advised in advance whether any questioning will be based upon illegal wiretapping.

Both men allege that they have heard "strange noises and clicking sounds" over their phones for the past year, leading them to believe their phones have been tapped.

At a hearing conducted on the issue, Assistant U. S. Attorney Slattery stated that the government had no information in its possession obtained from wiretapping. Mr. Slattery stated that he had contacted the DEA and IRS agents in charge of the investigation, the official in charge of all IRS operations in South Carolina, and both Assistant U. S. Attorneys who had previously been assigned to the case. He stated that each of these officials denied that evidence had been obtained by wiretapping. Mr. Slattery admitted that an "all agency" inquiry of every government agency was not performed. He explained that this exhaustive inquiry would cause at least a two-week delay in the proceedings. Attorneys for Mr. Macklen and Mr. Thompson argued that this response was insufficient to satisfy the requirements of 18 U.S.C. § 3504, maintaining instead that inquiry must be made of every agency involved in the investigation.

## CONCLUSIONS OF LAW

18 U.S.C. § 3504(a)(1) states: "upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act." This statute requires that when a witness who is subpoenaed to testify before the grand jury makes a "claim" that his phone has been tapped, the government must affirm or deny that he will be questioned based upon information obtained by means of an illegal wiretap. *In re Brogna*, 589 F.2d 24 (1st Cir. 1978). There remains an issue, however, of what type of assertion constitutes a sufficient "claim" of illegal wiretapping to place a duty upon the government to respond. Also, once a duty arises, there remains a question of what type of affirmation or denial is sufficient to satisfy the requirements of § 3504.

The law in this area is very unsettled. With respect to what constitutes a "claim" of illegal wiretapping, there remains a wide divergence of opinion. Several cases have held that the government's duty to affirm or deny the occurrence of electronic surveillance is triggered "by the mere assertion that unlawful wiretapping has been used against a party." *United States v. Vielguth*, 502 F.2d 1257, 1258 (9th Cir. 1974); *United States v. Toscanino*, 500 F.2d 267 (2nd Cir. 1974). These cases held that there is no requirement that the claim be particularized in any fashion or that there be any substantiating evidence. A wholly unsupported allegation is all that is required. *Id.*

Other courts have held that a mere unsubstantiated allegation, without more, does not constitute a "claim" for the purposes of § 3504. In *In re Millow*, 529 F.2d 770, 775 (2nd Cir. 1976), the Court stated: "Unsupported suspicion and patently frivolous assertions of government misconduct do not constitute a 'claim' . . . sufficient to trigger the government's obligation to disrupt grand jury proceedings and check thoroughly the applicable agency records." There must be a "colorable basis" to believe that illegal wiretapping was conducted. *Matter of Rosado*, 441 F.Supp. 1081, 1085 (S.D.N.Y. 1977); *United States v. Yanagita*, 552 F.2d 940, 943 (2nd Cir. 1977). The court reasoned in these cases that unsubstantiated allegations are too easily made to justify the expense and delay which would result from requiring the government to dispel every allegation, no matter how frivolous, other than by a general denial.

Just as there is no agreement among authority as to what constitutes a "claim" under § 3504, there is no agreement as to what constitutes a sufficient response from the government once a claim is made. *See In re Hodges*, 524 F.2d 568, 570 (1st Cir. 1975). Some courts have suggested that a mere conclusory statement by the attorney representing the government that he does not believe any wiretapping was conducted is a sufficient denial. *United States v. Rotundo*, 554 F.2d 712 (5th Cir. 1977). Other courts require that the government submit affidavits from officials in positions to know with certainty whether wiretapping was conducted. *In re Brogna*, 589 F.2d at 24. The First Circuit has indicated that even where a large number of agencies supplied information from which questions were formulated, an affidavit from someone in authority in each agency would normally be required before questioning could proceed. · *Id.* The U. S. Attorney's good faith assertion that no wiretapping was conducted would be insufficient.

Obviously, each of these approaches has serious weaknesses. The approach utilized in *Vielguth* combined with that formulated in *Brogna* would permit witnesses to automatically delay grand jury proceedings merely by making entirely frivolous allegations of governmental misconduct.[1] After each such allegation, the government would then be required either to release the witness or secure affidavits from every agency, federal and state, which supplied information on the case. This automatically delays the grand jury proceedings several days to several weeks. Patently frivolous allegations do not warrant such attention and interruption.

On the other hand, substantial claims of illegal wiretapping should not be easily avoided by the government or ignored by the courts. Mere conclusory statements that no wiretapping was conducted when there is a colorable basis to believe otherwise and when these statements are made by officials not in a position to know with certainty, such as the prosecuting attorney, are insufficient to effectively deter illegal activity. In those circumstances, the delay and expense of obtaining affidavits from the agencies involved may well be warranted.

▆ The better approach in this area involves a balancing between society's competing interests in having an efficient and

---

1. In some instances, the grand jury witness will wait until the morning of his appearance before making the allegation of wiretapping.

effective grand jury proceeding with the need to deter governmental misconduct. In striking such a balance, the Court should consider the totality of circumstances involved in each case. Whether a claim of illegal wiretapping justifies significant interference with a grand jury proceeding could reasonably depend upon a number of factors. The most important of these should be the specificity and general credibility of the allegation of illegal wiretapping made by the grand jury witness. *In re Millow*, 529 F.2d at 770. The more substantial the allegation, the greater the delay and expense that is justified by requiring the proper response from the government. If the witness can make a concrete showing of wrongful conduct, the government should bear the burden of making a concrete denial. *United States v. Stevens*, 510 F.2d 1101 (5th Cir. 1975). However, a general conclusory allegation of wrongful conduct warrants no more than a conclusory response. *Id.; Investigative Grand Jury Proceedings on April 6, 1977*, 432 F.Supp. 50 (W.D.Va.1977).

Applying the principle that the nature of the government's response should be dependent upon the colorable merit of the claim of illegal wiretapping, it is clear that the government sustained its burden under § 3504. The claim by Thompson and Macklen that they believed their phones were tapped, because they heard "strange noises and clicking sounds" on the lines, were lacking in both specificity and credibility. Both claims were made on identical "form" affidavits wherein Thompson and Macklen filled in their telephone numbers. Standing alone, such assertions amount to nothing more than general conclusory allegations raising not even a reasonable suspicion that their phones were actually tapped.

A conclusory allegation of this nature requires no more than a conclusory response from the government. Actually, in this case, the government's response was not conclusory but instead fairly specific and went further than the Court would have required. The claims by Thompson and Macklen would require only a good faith assertion by the chief prosecuting attorney in charge of the case that no questions would be based on information gathered from wiretapping. Certainly, further delay and expense from requiring a more extensive and detailed denial cannot be reasonably justified by the nature of the claims made.

The requirements of 18 U.S.C. § 3504(a)(1) having been met, IT IS ORDERED that Gaither Ben Thompson and Melton G. Macklen shall appear before the grand jury as directed.

IT IS SO ORDERED.