In re the Contempt Findings against James A. ELLER During the Trial of State of Indiana vs. Danny E. Tucker, James A. ELLER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee– Respondent.

No. 20A04–9211–CR–421.

Court of Appeals of Indiana, Fourth District.

May 6, 1993.

Transfer Denied June 23, 1993.

James A. Eller, pro se.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, James Eller (Eller), appeals from his four (4) convictions for Contempt of Court. We affirm.

### Issue

Eller presents one issue for our review,[1] which we restate as follows: whether the trial court properly found Eller guilty of four contempts for four (4) successive refusals to be sworn and testify in a criminal cause.

---

1. Eller presents a second issue for our review in his reply brief: whether he was being deprived of earned credit time. A party cannot raise an argument for the first time on appeal in his reply brief. *Senco Products, Inc. v. Riley* (1982), Ind.App., 434 N.E.2d 561. Notwithstanding Eller's waiver of this issue, the record does not indicate that he has been denied earned credit.

### Facts and Procedural History

The facts most favorable to the judgment indicate that Eller was called by the State to testify in the criminal trial of Danny Tucker. Eller and Tucker had each been charged with possession and delivery of over three grams of cocaine. Eller served as arranger and middleman for a cocaine deal between Tucker and an undercover officer. He entered a guilty plea before Tucker's trial.

At Tucker's trial, Eller refused to take the oath when called to testify. The court found him in contempt and sentenced him to ninety days in jail and a $500.00 fine, to be served consecutively to the ten-year sentence he was serving for the drug conviction. Eller indicated the next day that he would testify if questioned by defense counsel. R. 69. However, when placed on the stand, Eller informed the court he had changed his mind and again refused to take the oath. Again he was found in contempt of court and sentenced $500.00 and to ninety days in jail, to be served consecutively with the ten-year and ninety-day sentences previously conferred. Tucker was convicted and the court granted his motion to correct error. At the retrial, Eller refused to take the oath and was sentenced similarly for contempt. Tucker was again convicted and his conviction was reversed on appeal. At the third trial, Eller refused to take the oath and was sentenced $5,000.00 and to ninety days in jail, to be served consecutive to the prior sentences.

### Discussion and Decision

Eller argues that his refusal to testify on each occasion constituted one (1) continuous act of contempt rather than four (4) separate acts of contempt. He claims that the four convictions constitute a violation of the Double Jeopardy Clause.[2] Eller relies heavily on the reasoning of the United States Supreme Court in *Yates v. United States* (1957), 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95. The defendant in *Yates* had been convicted of eleven (11) counts of

criminal contempt after taking the oath to testify and refusing to answer the same question posed successively in the same trial. The Court held that because the witness had "carved out an area of refusal, petitioner remained within its boundaries in all her subsequent refusals." *Id.* 355 U.S. at 74, 78 S.Ct. at 133. Thus, ten (10) of the counts of contempt were made in violation of double jeopardy. Eller also relies upon *In re the Contempt Findings Against Schultz* (1981), Ind.App. 428 N.E.2d 1284. As with *Yates*, the defendant in *Schultz* was posed successive questions regarding one subject area in the same trial. The multiple counts of contempt were held to be in violation of double jeopardy.

Neither aforementioned case relied upon by Eller are dispositive of the issue he presents for us today. We must instead determine whether a witness called to testify in separate proceedings may be assessed with separate counts of contempt for each failure to testify. We grant to Eller that if a series of acts constitutes but one contempt, or if the same contempt continues for several days, the court does not have authority to find the accused guilty of multiple contempts. The court cannot impose separate punishment for each successive act or day. Only one penalty for contempt may be imposed where separate questions seek to establish but a single fact, or relate to but a single subject of inquiry. *Yates*, 355 U.S. 66, 78 S.Ct. 128.

The finding of contempt resulting from Eller's first refusal to testify does not present a double jeopardy issue. The second finding of contempt was assessed during the same trial on the following day after Eller indicated to the court that he was willing to testify for the defense. Although this contumacious act was committed during the same trial as the first contumacious act, separated by only a day, the trial court was correct in assessing Eller with a second finding of contempt because Eller gave the court reason to believe he

2. "No person shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V.

was willing to testify.[3] *United States v. Smith* (9th Cir.1976), 532 F.2d 158.

■ The third and fourth contempt findings were assessed at the second and third trials, respectively. Eller, relying on *Baker v. Eisenstadt* (1st Cir.1972), 456 F.2d 382, *cert. denied* 409 U.S. 846, 93 S.Ct. 110, 34 L.Ed.2d 87, *cert. denied* 409 U.S. 846, 93 S.Ct. 118, 34 L.Ed.2d 87, argues the court had no expectation he would testify at these trials and that he had already "drawn the line" as to the fact that he would not testify. However, it has been held that similar conduct engaged in on occasions separated from each other by appreciable periods of time constitutes successive contempts for which separate punishments may be imposed. *United States ex. rel. Ushkowitz v. McCloskey* (2nd Cir.1966), 359 F.2d 788.

While we agree with Eller that the imposition of his third and fourth contempt charges were not separated by imposed and satisfied punishments for the two previous refusals, they were separated by appreciable periods of time. His second and third contempts were separated by 316 days and his third and fourth contempts were separated by 672 days.

Nonetheless, because the third and fourth contempt charges emanated from separate proceedings, double jeopardy principles were not violated. It has been held that double jeopardy is not violated when a witness was held in contempt for failure to testify at a grand jury proceeding and also for failure to testify at trial, although the subject of the testimony would have been the same and would have involved the same defendant. *United States v. Coachman* (D.C.Cir.1985), 752 F.2d 685. Such has similarly been held when a witness refuses to testify at successive trials. *McCloskey*, 359 F.2d 788; *Smith*, 532 F.2d 158.[4]

In upholding the separate findings of contempt, we promote a fundamental policy voiced in *Yates*. The *Yates* Court declared that "[t]he policy of the law must be to encourage testimony" and, by treating "a witness willing to testify freely as to all areas of investigation but one" no worse "than a witness unwilling to give any testimony at all," the Court hoped to encourage witnesses to testify at least on those subjects they find unobjectionable. *Yates*, 355 U.S. at 74, 78 S.Ct. at 133. Were we to rule that Eller committed only one contempt, we hardly would further the policy of inducing testimony. On the contrary, we likely would discourage non-testifying witnesses from taking the stand at ensuing trials, for such a ruling would protect them from a second contempt. A witness already in contempt for refusal to testify at one trial has no incentive to testify at a subsequent trial if he knows that he could suffer no additional punishment. That is a result *Yates* compels us to avoid.

Affirmed.

CONOVER and SHIELDS, JJ., concur.

---

**3.** Eller submitted an affidavit with his reply brief in which he attempts to "correct the record" on the issue of whether he gave the court reason to believe he was willing to testify on the second day of the first trial. We will not consider his affidavit because it is outside of the record of proceedings. Additionally, we direct Eller to the Rules of Appellate Procedure, which includes necessary procedures for a correction or modification of the record. Ind.Rul.App. Proc. 7.2(C).

**4.** Eller distinguishes these holdings from his case because each witness had been granted immunity in these cases. However, the issue of immunity in these cases was a second issue from whether separate proceedings justified findings of contempt. Additionally, Eller never gave the court a reason as to why he refused to testify. He, too, may have been granted immunity from further incrimination had he requested such.