**In re GRAND JURY PROCEEDINGS.**

Nos. 94–10339, 95–10233, 95–10257 to 95–10260.

United States District Court,
D. Massachusetts.

April 12, 1995.

YOUNG, District Judge.

These six cases appearing on the Court's Miscellaneous Business Docket present two related questions, *viz.* (1) can the United States Attorney delegate to another senior official in his office the important power to request of the Attorney General that immunity from prosecution be conferred on an individual pursuant to 18 U.S.C. § 6002? and,

if so, (2) what is the appropriate procedure for effecting such a delegation?

■ This Court has already explored the important Congressional limitations upon the power to grant immunity in *In re Grand Jury Proceedings,* 673 F.Supp. 1138, 1139–41 (D.Mass.1987). It suffices here, therefore, simply to restate that strict compliance is expected of the executive who seeks to exercise the extraordinary powers which, *inter alia,* strip an individual of his privilege against self incrimination pursuant to the Fifth Amendment to the Constitution of the United States.

## I.

The current version of the immunity statute was enacted in 1970. *See* Pub.L. No. 91–452, § 201(a), 84 Stat. 926–28 (1970) (codified at 18 U.S.C.A. §§ 6001–6005 [West 1986]). In 1969, virtually coincident with the passage of this legislation, the Attorney General promulgated a regulation which provides:

> Each U.S. Attorney is authorized to designate any Assistant U.S. Attorney in his office to perform the functions and duties of the U.S. Attorney during his absence from office, and to sign all necessary documents and papers as Acting U.S. Attorney while performing such functions and duties.

28 C.F.R. § 0.131 (1969). Some time thereafter, the Attorney General amended this regulation to provide for such delegation should a United States Attorney recuse himself in a particular investigation or proceeding.[1]

In view of the manifest Congressional intent that the power to grant witness immunity ought be severely circumscribed, a genuine issue exists concerning whether the regulation just quoted can be squared with the statute setting forth the procedure by which federal prosecutors may grant immunity to witnesses in order to compel testimony or

---

1. The current version of the regulation reads: Each U.S. Attorney is authorized to designate any Assistant U.S. Attorney in his office to perform the functions and duties of the U.S. Attorney during his absence from office, or with respect to any matter from which he has

recused himself, and to sign all necessary documents and papers, including indictments, as Acting U.S. Attorney while performing such functions and duties.
28 C.F.R. § 0.131 (1994).

the production of evidence. *See* 18 U.S.C.A. §§ 6001–6003 (West 1985); 28 C.F.R. § 0.175 (1994).

After all, a request for an order compelling such testimony or evidence before a court or grand jury of the United States (an "immunity order") must be made by the **United States Attorney** to the district court. 18 U.S.C.A. § 6003(a) (West 1985). As prerequisites to making such a request, a **United States Attorney** must (1) determine that the testimony "may be necessary to the public interest" and that the subject of the proposed order has refused or is likely to refuse to testify on the basis of the privilege against self-incrimination; and (2) obtain the approval "of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General." *Id.* § 6003(b). Pursuant to this latter requirement, the Attorney General has promulgated regulations providing for the delegation of authority to approve requests by United States Attorneys to petition for immunity orders in judicial and administrative proceedings. *See* 28 C.F.R. § 0.175 (1994).[2]

There is no analogous language in the statute providing for delegation of the authority of a United States Attorney to request the approval of the Attorney General for an immunity order or to file that request with the district court. Nor are there any regulations explicitly authorizing such delegation.

■ The question is thus presented—is the general regulation governing delegation by a United States Attorney sufficient in light of the cases scrutinizing with care the manner in which United States Attorneys seek to exercise or delegate the extraordinary power to request witness immunity? *See In re Grand Jury Proceedings,* 673 F.Supp. at 1141–42 (collecting cases). This Court concludes that it is, **so long as** certain formal written prerequisites are followed.

The need for such a procedure is manifest from the following recital.

## II.

In each of these six cases the application for the immunity order was made to the district court either by the Deputy United States Attorney for the District of Massachusetts or the Chief of the Criminal Division of the Office of the United States Attorney for the District of Massachusetts. The first two—MBD Nos. 94–10339 and 95–10233—were signed by the Chief of the Criminal Division denominating himself as the "Acting United States Attorney." The remaining four applications were signed by the Deputy United States Attorney in her own name and apparently purporting to act on her own authority. No formal written delegation of the authority of the United States Attorney so to act was either averred or attached to any of these applications. What was attached to the application in each case was a letter from a Deputy Assistant Attorney General of the United States, addressed to the United States Attorney by name, approving "your request for authority to apply to the United States District Court for the [issuance of a particular immunity order]." The first two applications recited that it was "the judgment of the United States Attorney [that] the testimony [in question] is necessary to the public interest." The remaining four made the same averment "in the judgment of the undersigned" Deputy United States Attorney.

There appearing to be no involvement of the United States Attorney in this process whatsoever, the Court rejected the first two of these applications with the notation that the application had been denied without prejudice to its renewal supported by proper authorization. Renewed applications were filed virtually forthwith, reciting that both

---

**2.** "The Assistant Attorney General in charge of the Criminal Division, or any Deputy Assistant Attorney General of the Criminal Division is authorized to exercise the authority vested in the Attorney General by 18 U.S.C. [§] 6003, to approve the application of a U.S. Attorney to a Federal court for an order compelling testimony or the production of information by a witness in any proceeding before or ancillary to a court or grand jury of the United States …" 28 C.F.R. § 0.175(a) (1994). The regulations also provide for the delegation of such authority in cases whose subject matter falls within the cognizance of certain divisions of the Justice Department, such as the Antitrust or Civil Rights Divisions. *See id.* § 0.175(b).

the United States Attorney and the Deputy United States Attorney had recused themselves with respect to the two proceedings at issue. Again, no reference whatever has been made to the requirements of 28 C.F.R. § 0.131 (1994), nor is it averred that the power to request such immunity orders has been specifically delegated to the Chief of the Criminal Division in these matters. Indeed, the renewed applications are signed by an Assistant United States Attorney acting in the name of the Chief of the Criminal Division.

More important, it appears that in each case the Deputy Assistant Attorney General is authorizing grants of immunity by form letter without any individualized review to determine whether either the United States Attorney has made request for such an order (in each of these cases it is clear that he has not, having recused himself) or that the person who has made the request is authorized so to act pursuant to 28 C.F.R. § 0.131 (1994). However laudable the motives of our law enforcement officers, they simply cannot disregard the mandates of Congress or their own regulations.

■ While the United States Attorney may delegate the authority to request an immunity order to a senior Assistant United States Attorney where, as here, the United States Attorney has recused himself or is otherwise absent from office, see 28 C.F.R. § 0.131 (1994); *In re Grand Jury Proceedings*, 554 F.2d 712, 713 (5th Cir.1977) (per curiam); *United States v. Smith*, 532 F.2d 158, 160 (10th Cir.1976); *cf. In re Special September 1978 Grand Jury*, 590 F.2d 245, 248 (7th Cir.1979) (special attorney appointed by Attorney General upon recusal of entire office of United States Attorney from case may petition the court for an immunity order), such delegation must appoint the delegee Acting United States Attorney for the purposes of the immunity order, see 28 C.F.R. § 0.131, must explicitly authorize the delegee to request immunity orders, and it must be done in writing. *Cf. In re Grand Jury Proceedings*, 554 F.2d at 713 (statute adequately complied with where United States Attorney specifically designated his Chief Assistant in writing to perform his functions and duties during his absence).

## CONCLUSION

■ In order to vindicate the Congressional intent and harmonize it with the requirements of 28 C.F.R. § 0.131 (1994), the Court requires within the District of Massachusetts that, where the United States Attorney himself has not scrutinized an application for immunity, the following steps be taken in chronological order:

1. First, the United States Attorney must expressly delegate to a named senior official within the office of the United States Attorney the power to act in his stead with respect to a particular proceeding due to the United States Attorney's recusal therefrom, and must include in this written delegation, if such is his intent, the power to request immunity orders.

2. Second, the application to the authorized officer in the office of the United States Attorney General must be made in the name of the particular attorney requesting the immunity order so that the Deputy Assistant Attorney General will be on notice that this is an application not scrutinized by the United States Attorney.

3. Third, the authorization from the office of the Attorney General of the United States must be directed to the specific officer requesting such authorization and not simply to the United States Attorney.

4. Fourth, the officer to whom the United States Attorney has delegated the authority to make application for a particular immunity order must herself or himself sign the application to the district court and support it with all necessary averments, including the specific written authorization of the United States Attorney and the specific written authorization of the appropriate official of the office of the Attorney General of the United States.

Accordingly, the above six applications for immunity orders are, each of them, hereby denied without prejudice to their renewal

supported by documentation in strict conformity with the above-limned procedure.

SO ORDERED.