Ernest INFELICE, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

UNITED STATES of America, Petitioner-Appellant,

v.

Raymond J. DULSKI et al., Respondents-Appellees.

Nos. 75–1454, 75–1675.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 22, 1975.

Decided Dec. 31, 1975.

Julius Lucius Echeles, Chicago, Ill., Henry G. Piano, Milwaukee, Wis., for Infelice and Dulski.

Samuel K. Skinner, U. S. Atty., Peter F. Vaira, William J. Cook, Asst. U. S. Attys., Chicago, Ill., William J. Mulligan, U. S. Atty., Milwaukee, Wis., for the United States.

Before CLARK, Associate Justice,* and PELL and SPRECHER, Circuit Judges.

CLARK, Associate Justice.

These two cases raise one common question: Whether an indictment must be invalidated when the letter of authority from the Attorney General directing the "special attorney" to investigate and prosecute the case is too broad under 28 U.S.C. § 515(a),[1] resulting in the presence of an unauthorized person before the Grand Jury. In *Dulski*,[2] the District Court held the letter of authority insufficient and dismissed the indictment; while in *Infelice*,[3] the opposite conclusion was reached. We agree with the latter holding and, accordingly, affirm the decision in *Infelice* and reverse in *Dulski*.

I.

In *Dulski* the letter of appointment for Special Attorney Gregory H. Ward[4] stated that he was being appoint-

---

* Associate Justice Tom C. Clark, United States Supreme Court (Ret.), is sitting by designation.

1. Title 28 U.S.C. § 515(a) provides as follows:

   (a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

2. *United States of America v. Raymond J. Dulski, Donald J. Danowski, Russell J. Kent, Martin Azzolina, Jr., and George F. Kermendy,* 395 F.Supp. 1259 (E.D.Wisc.1975).

3. *United States of America v. Ernest Infelice,* Memorandum Order, No. 73 CR 106 (N.D.Ill., April 15, 1975). The District Court relied on the decision in *United States v. Weiner,* 392 F.Supp. 81 (N.D.Ill.1975).

4. Mr. Gregory H. Ward
   Criminal Division
   Department of Justice
   Washington, D. C.

   Dear Mr. Ward:

   The Department is informed that there have occurred and are occurring in the Eastern District of Wisconsin and other judicial districts of the United States violations of federal criminal statutes by persons whose identities are unknown to the Department at this time.

   As an attorney at law you are specially retained and appointed as a Special Attorney under the authority of the Department of Justice to assist in the trial of the aforesaid cases in the aforesaid district and other judicial districts of the United States in which the Government is interested. In that connection you are specially authorized and directed to file informations and to conduct in the aforesaid district and other judicial districts of the United States any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings be-

ed "to prosecute unspecified persons for unspecified crimes in the Eastern District of Wisconsin and other districts."

As we have indicated, the District Court held the letter of authority insufficient because it failed to specify the particular statutes under which the proceedings were to be conducted and the reasons why they were of such importance that a specially qualified attorney was required. The district court held the letter was, therefore, too broad to meet the requirements of Section 515(a). The trial judge depended upon *United States v. Crispino*, 392 F.Supp. 764 (S.D.N.Y.1975); *United States v. Wrigley*, 392 F.Supp. 14 (W.D. Mo.1975); *United States v. Agrusa*, 392 F.Supp. 3 (W.D.Mo.1975), and *United States v. Digirlomo*, 393 F.Supp. 997 (W.D.Mo.1975). However each of these cases has been reversed. See Memorandum Order in *United States v. Crispino*, 517 F.2d 1395 (2d Cir. 1975), reversing on the basis of *In re Persico*, 522 F.2d 41 (2d Cir. 1975); *United States v. Wrigley*, 520 F.2d 362 (8th Cir. 1975); *United States v. Agrusa*, 520 F.2d 370 (8th Cir. 1975, and *United States v. DiGirlomo*, 520 F.2d 372 (8th Cir. 1975). We agree with the dispositions in the Second and Eighth Circuits.

## II.

The Act of June 30, 1906, 34 Stat. 816, 28 U.S.C. § 515(a), was adopted by the Congress to meet the decision in *United States v. Rosenthal*, 121 F. 862 (S.D.N. Y.1903). The legislative history clearly indicates that the Act was concerned primarily with outside counsel specially retained by the Department. Its stated purpose was to grant to the "special attorneys" the same rights, powers and authority which the United States Attorneys possessed. *United States v. Morton Salt Company*, 216 F.Supp. 250 (D.Minn. 1962), aff'd 382 U.S. 44 (1965). The Act has been construed broadly in a series of cases: In *United States v. Amazon Industrial Chemical Corp.*, 55 F.2d 254, 256–257 (D.Md.1931), the failure to specify the statute under which the special attorney was to act was held not to be fatal; in *United States v. Hall*, 145 F.2d 781 (9th Cir. 1944), *cert. denied* 324 U.S. 871, 65 S.Ct. 1016, 89 L.Ed. 1425 (1945), the failure to specify the names of the persons to be investigated and prosecuted was held to be of no consequence; and in *Shushan v. United States*, 117 F.2d 110 (5th Cir. 1941), *cert. denied* 313 U.S. 574, 61 S.Ct. 1085, 85 L.Ed. 1531 (1941), extended this failure to include the specification of both persons and cases.

■ More recent cases have taken a like position. The Second Circuit opinion *In re Persico, supra,* specifically held that "an officer or other full time employee of the Department of Justice must be 'specifically directed' to conduct grand jury proceedings if he is not a United States Attorney or an Assistant United States Attorney . . . " At p. 66 of 522 F.2d. There is a specific authorization here for Special Attorney Ward to appear before Grand Juries.[5] The Eighth Circuit went even further than the Second, in *United States v. Wrigley, supra,* when it rejected the requirement that some reason be explicated in the letter of appointment or in the writing, guidelines, practices and oral di-

---

fore committing magistrates, which United States Attorneys are authorized to conduct.

Your appointment is extended to include in addition to the aforesaid cases, the prosecution of any other such special cases arising in the aforesaid district and other judicial districts of the United States.

You are to serve without compensation other than the compensation you are now receiving under existing appointment.

Please execute the required oath of office and forward a duplicate thereof to the Criminal Division.

Sincerely,
/s/ Henry E. Petersen
HENRY E. PETERSEN
Assistant Attorney General

5. The record here shows that an Assistant United States Attorney also participated along with Mr. Ward in the entire Grand Jury presentation and that the United States Attorney signed the indictment.

rections internal to the Department of Justice but external to the record. At 368 n. 11. While the record here meets the requirements of *In re Persico* as well as *Wrigley,* we agree with the Eighth Circuit that the latter explication is not necessary. See also *United States v. Agrusa, supra,* and *DiGirlomo v. United States, supra.* In addition to the district court in *Infelice,* other district court judges of the Seventh Circuit have upheld letters of authority similar to the one here. *United States v. Lyberger,* (N.D.Ill., March 24, 1975; *United States v. Weiner,* 392 F.Supp. 81 (N.D.Ill.1975).

### III.

The District Court also placed special reliance on *United States v. Goldman,* 29 F.2d 424 (D.Conn.1928), which held *in dicta* that the letter of authority must specify the particular case in which the Special Attorney is authorized to appear. There, however, the Special Attorney was acting as a Stenographer for the Grand Jury and not assisting the United States Attorney under § 515(a). This case was specifically repudiated by the Second Circuit in its opinion in the case of *In re Persico, supra,* at 63. As the Second Circuit said:

Such dicta should not be allowed to stand against the legislative history and the basic thrust of the case law on section 515(a). This conclusion is buttressed by holdings that the authority granted to special attorneys should be equal to that held by assistants to a United States Attorney. (citations omitted).

### IV.

Finally, the realities of the situation here require that the letter of authority to Special Attorney Ward be held sufficient. As Judge Augustus Hand said:

I see no reason for assuming, because on the face of the letter no inter-relation is set forth, that it is not sufficiently specific. Indeed, it probably is as specific as was possible, if adequate power to deal with the situa-tion without impairment of usefulness or unnecessary reduplication of labor were to be given . . . *United States v. Morse,* 292 F. 273, 276 (S.D. N.Y.1922).

In *United States v. Weiner, supra,* Judge Bauer quoted Judge Hand and then later asked:

What constitutional rights were the defendants denied by [the special attorney's] appearance before the grand jury? What harm or disadvantage did the defendants suffer because of [his] presence? Would not the defendants be placed in the same position had the local United States Attorney appeared before the grand jury? Clearly defendants' motion is based on form and not substance. A "special" ability to execute his oath of office should not depend upon what type of form letter his superior uses in appointing him. 392 F.Supp. 81, 89.

The Second Circuit said it well in *In re Persico, supra,* when it quoted an old English case:

The office of all the Judges is always to make such construction as shall suppress the mischief, and advance the remedy, and to suppress subtle inventions and evasions for continuance of the mischief, and pro privato commodo, and to add force and life to the cure and remedy, according to the true intent of the makers of the Act, pro bono publico.

The judgment in *Dulski* is therefore reversed, and the cause is remanded for trial.

Accordingly, we affirm in No. 75–1454, *Ernest Infelice v. United States.* Indeed, there the letter of authority from the Deputy Attorney General to Douglas P. Roller appointing the latter "Special Attorney" under the Department of Justice is much more specific than is the one in *Dulski.* In the letter to Special Attorney Roller, reference is made to the necessity for investigating and prosecuting the laws relating to:

[E]xtortion and robbery (18 U.S.C. § 1951), travel and transportation in aid of racketeering (18 U.S.C. § 1952),

transmission of bets, wagers, and related information by wire communications (18 U.S.C. § 1084), interstate transportation of wagering paraphernalia (18 U.S.C. § 1953, perjury (18 U.S.C. § 1621), mail fraud (18 U.S.C. § 1341), fraud by wire (18 U.S.C. § 1343), interstate transportation of stolen property (18 U.S.C. § 2314), wire and radio communication (47 U.S.C. § 203 and 501), internal revenue (26 U.S.C. § 7201–7206), and other criminal laws of the United States and [conspiracy] to commit all such offenses in violation of Section 371 of Title 18 of the United States Code.

But, Infelice says that the letter is silent as to violations of narcotics laws. However, the letter does include in the authorization to Special Attorney Roller a direction that he investigate and prosecute violations of "other criminal laws of the United States", which language follows the listing of the specific statutes which the letter covers. Under our opinion in *Dulski,* we conclude that the judgment against Infelice must be affirmed.

The judgment is reversed in No. 75–1675 and is affirmed in No. 75–1454.

It is so ordered.