**William D. SCHEBERGEN,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 75–2381.**

United States Court of Appeals,
Sixth Circuit.

Submitted May 7, 1976.

Decided May 13, 1976.

William D. Schebergen, pro se.

Paul R. Hales, St. Louis, Mo., for petitioner-appellant.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Kirby W. Patterson, Dept. of Justice, Washington, D. C., for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

ORDER

This appeal, perfected from an order of the district court denying petitioner-appellant's motion to vacate a sentence imposed following his plea of guilty to a charge of manufacturing and distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), has come on for consideration pursuant to Rule 3(e), Rules of the Sixth Circuit. The sole issue presented is whether said sentence is subject to collateral attack on the basis of a lack of jurisdiction in the sentencing court because respondent-appellee was represented at indictment and during the sentencing procedure by specially appointed attorneys not properly commissioned by the Attorney General as required by 28 U.S.C. § 515(a) to proceed in said action. Being fully advised in the premises, the Court concludes that the letter of appointment of the attorney who specially represented the appellee was sufficient for its purposes and is not invalid on the basis of vagueness or lack of specificity. See *United States v. Ingenito*, 531 F.2d 1174 (2nd Cir. 1976); *United States v. Morrison*, 531 F.2d 1089 (1st Cir. 1976); *Infelice v. United States*, 528 F.2d 204 (7th Cir. 1975). This Court has not fully discussed the issue, but rejected such an attack on the validity of the appointment of government counsel in *United States v. Murrie*, 534 F.2d 695 (decided April 27, 1976), citing *United States v. Wrigley*, 520 F.2d 362 (8th Cir. 1975) and *In Re Persico*, 522 F.2d 41 (2d Cir. 1975). It being concluded that the issue raised on appeal is so insubstantial as not to require further argument, Rule 8(e), Rules of the Sixth Circuit,

IT IS ORDERED that this appeal be and it hereby is dismissed.