**In the Matter of the SPECIAL SEPTEMBER 1978 GRAND JURY (II).**

**Appeal of John F. WALL, Witness.**

**No. 78–2505.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 19, 1978.

Decided Jan. 5, 1979.

Rehearing Denied Jan. 23, 1979.

Anna R. Lavin, Chicago, Ill., for appellant.

Alexander D. Kerr, Jr., Public Integrity Section, Dept. of Justice, Chicago, Ill., for appellee.

Before SWYGERT, CUMMINGS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

John Wall, a witness summoned to testify in a continuing grand jury proceeding, appeals from the district court order finding him in contempt for refusal to testify after a judicial grant of use immunity. The issues presented on appeal are whether the case is moot and whether the order of immunity was obtained in compliance with 18 U.S.C. § 6003.

I

The Special September 1978 Grand Jury (II) for the Northern District of Illinois has been investigating possible violations of various federal statutes in the Northern District. The United States Attorney for the District, Thomas Sullivan, recused himself and his office from conducting this investigation on grounds of conflicting interests. An Assistant Attorney General, Benjamin Civiletti, designated an attorney

in the Department of Justice in Washington, Thomas Henderson, to conduct the grand jury proceeding here in the Northern District.[1]

On September 28, 1978, John Wall, a state legislator, appeared before the grand jury pursuant to a subpoena, but refused to testify. He asserted both a constitutional and legislative privilege. On November 3, 1978, Thomas Henderson petitioned the district court under 18 U.S.C. § 6003 for an order granting the defendant immunity. The court entered the immunity order to compel testimony. On November 16, John Wall was again called before the grand jury and again he refused to testify. On that date, the government attorney moved for a rule to show cause why the witness should not be held in contempt.

The judge heard the arguments of the parties on November 29, determined that the immunity order complied with legal requirements, and found the defendant in contempt for his November 16 refusal to testify. The judge committed the witness to confinement for the duration of the grand jury proceeding but not to exceed 18 months, or until the witness obeyed the order to testify.

The trial judge stayed execution of the sentence until December 4, to allow time for the filing of an appeal. The appeal was filed November 29, 1978, but a further stay of execution was denied by this court.

On December 5, 1978, the witness informed the judge that he was willing to comply with the court order to testify in order to avoid incarceration. The witness testified before the grand jury on December 7. The subpoena was continued for

further appearance as may be directed by the person conducting the grand jury proceedings.

II

■ The government has argued that the dispute between the parties is moot. John Wall's decision to testify did prevent the district court order of confinement from being executed. Release from an order of custody is not the only relief that was sought by the appeal however. The witness also sought, through the contempt proceeding, to vacate the order of immunity.[2] On November 29, the district court resolved the challenge to the validity of the immunity order against the witness and entered the judgment of contempt. The fact the order of confinement has been mooted does not prevent this court from determining any remaining issue if it represents "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality . . . ." *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974), quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Powell v. McCormack*, 395 U.S. 486, 496 & n.8, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

The district court judgment on the validity of the immunity order does represent a substantial continuing controversy. The district court order granting the petition for immunity requires the witness to testify before the Special September 1978 Grand Jury (II) and produce documents, without resort to the privilege against self-incrimination. The order is not restricted by date,[3]

---

1. The Assistant Attorney General derives his authority to designate special attorneys from 28 C.F.R. § 0.13, allowing the Attorney General to delegate his power of designation to Assistant Attorney Generals and Deputy Assistant Attorney Generals. The witness does not challenge the validity of this regulation.

2. The immunity order was initially entered by the district court with the agreement that a judgment on validity would be made in a later proceeding. The witness filed a motion to vacate the order of immunity on November 8.

The government filed a motion to strike the petition to vacate arguing that the proper procedure for challenging the immunity order was in response to a rule to show cause, relying on our decision in *In re Perlin*, 589 F.2d 260 (7th Cir. 1978). The parties as well as the judge considered the contempt proceeding as encompassing the prior request to vacate the immunity order.

3. The letter written by the Assistant Attorney General, Benjamin Civiletti, approving Thomas Henderson's request for immunity, authorized

and it has been estimated that this grand jury may continue through the fall of 1981. The government concedes that it may be necessary to call John Wall to testify again as the investigation proceeds. The witness, on the other hand, persists in his desire not to testify or produce documents. These facts clarify that the "controversy between the parties"—the validity of the immunity—is "definite and concrete," "touch[es] the legal relations of parties having adverse legal interests," and is therefore justiciable. *DeFunis v. Odegaard*, 416 U.S. 312, 317, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974), quoting *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *United States v. Concentrated Phosphate Export Association, Inc.*, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). *See generally*, 6A Moore's Federal Practice, ¶ 57.13 at 57–124, 57–128 (2d ed. 1974).

## III

■ The narrow issue presented by this appeal is whether Thomas Henderson, a special attorney appointed by the Assistant Attorney General to conduct a grand jury proceeding, when the United States Attorney has recused his office from the investigation, has authority to petition the court for an immunity order. We conclude that he does.

■ Congress established a procedure for granting witness immunity in 18 U.S.C. § 6003. The statute provides that

(a) . . . [t]he United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, *upon the request of the United States attorney for such district,*

Mr. Henderson to petition the court for an order pursuant to 18 U.S.C. §§ 6002–03 "requiring John F. Wall to give testimony or provide other information in the [grand jury] matter and in any further proceedings resulting therefrom or ancillary thereto."

4. Since the United States Attorney has recused himself from this case however the witness concedes that the immunity request could not

an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination . . . . .

(b) *A United States attorney may,* with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

(Emphasis added). The witness argues that the statute, by its express terms, requires that the request for immunity be made by the United States Attorney for the district.[4]

Although Congress has not expressly provided for statutory procedures when a United States Attorney recuses the entire office for one case, we believe that under the facts of this case, 28 U.S.C. § 515(a) provides an appropriate solution. Section 515 provides:

(a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

be made by Thomas Sullivan. Nonetheless, he argues that the district court, rather than the Attorney General, should have appointed a substitute under 28 U.S.C. § 546, allowing the district court "for [the] district in which the office of United States attorney is vacant" to appoint an interim U. S. Attorney. We do not believe that the office of United States Attorney is now "vacant."

■ The witness argues that Section 515(a) is inapplicable because a petition for immunity is not the conduct of a "legal proceeding." We reject such a rigid reading of the statute. This court examined the legislative history for section 515(a) in *Infelice v. United States*, 528 F.2d 204 (7th Cir. 1975). In *Infelice*, we concluded that the legislative history's "stated purpose was to grant to the 'special attorney' the same rights, powers and authority which the United States Attorneys possessed." *Id.* at 206. *See also United States v. Wrigley*, 520 F.2d 362, 366 (8th Cir.), *cert. denied*, 423 U.S. 987, 96 S.Ct. 396, 46 L.Ed.2d 304 (1975). The House Report specifically stated that the bill granted special attorneys the same powers "district attorneys now have or may hereafter have in *presenting* and *conducting* proceedings before a grand jury or committing magistrate." H.R.Rep.No.2901, 59th Cong., 1st Sess. (1906) (emphasis added). Immunity orders are an integral part of "presenting and conducting proceedings before a grand jury." Therefore it is possible to read section 515(a) as authorizing a special attorney to exercise the power of request delegated to a United States Attorney under 18 U.S.C. § 6003.

We conclude that 28 U.S.C. § 515(a) did empower the special attorney to request the immunity petition under 18 U.S.C. § 6003 in the circumstances of this case. Whether Section 515(a) should always be read to authorize a special attorney to exercise the powers of a United States Attorney under 18 U.S.C. § 6003 is a question we need not reach. In most instances it may be desirable, or perhaps even mandatory, for the United States Attorney for the district, or his designate, to participate in the section 6003 request. *See In re DiBella*, 499 F.2d 1175, 1177–78 (2d Cir.), *cert. denied*, 419 U.S. 1032, 95 S.Ct. 513, 42 L.Ed.2d 306 (1974).

The factual circumstances of this case, however, make it entirely appropriate to read section 515(a) as conferring section 6003 authority on the special attorney. Section 6003 will not be undermined by the construction here because two facts demonstrate that in this case, the special attorney should be considered to be the United States Attorney named in Section 6003. First, this is a case of recusal. The statute cannot be read to require the participation of a United States Attorney who has conflicting interests. It is, therefore only reasonable to permit the individual essentially acting in his capacity—the special attorney—to exercise the immunity power. Certainly this result is more consistent with the statutory purpose than permitting the witness to evade testifying in light of the conclusion reached by other courts that the statutory requirements "were not intended to protect witnesses but to minimize overuse of immunity grants." *United States v. Yanagita*, 552 F.2d 940, 947 (2d Cir. 1977). *Cf. In re Tierney*, 465 F.2d 806, 813 (5th Cir. 1972), *cert. denied*, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973).

■ A second fact buttresses the conclusion that the special attorney is here acting in the capacity of the United States Attorney for the purposes of Section 6003. Before leaving office, Samuel Skinner, the United States Attorney preceding Mr. Sullivan, requested Mr. Civiletti (the Assistant Attorney General), to appoint a special attorney for this investigation. Mr. Skinner advised the Assistant Attorney General "that it would be in the best interest of the Department and all parties concerned that an attorney within the Department in Washington, D. C., be assigned to oversee the investigation. This attorney would have final authority to make the necessary investigative and prosecutorial decisions. . . ." Prior cases in this and other circuits have held that the requirements of section 6003 are satisfied when the request for immunity is made by a designate of the United States Attorney.[5] *Ryan v. Commis-*

5. We reject the argument forwarded by the witness that designation by Samuel Skinner would be ineffective, urging that a valid designation would have to derive from the present

United States Attorney. We consider this designation valid both because Mr. Skinner made the request while still in office and because it would be less appropriate to have the designa-

*sioner of Internal Revenue,* 568 F.2d 531 (7th Cir. 1977); *In re Grand Jury Proceedings,* 554 F.2d 712, 713 (5th Cir.), *cert. denied,* 434 U.S. 892, 98 S.Ct. 269, 54 L.Ed.2d 178 (1977); *United States v. Smith,* 532 F.2d 158 (10th Cir. 1976). These cases are distinguishable since the delegations in issue were made to individuals subordinate and accountable to the United States Attorney. We are persuaded nonetheless that the underlying reasoning is applicable. The act of designation by the United States Attorney confers the status of the office on the designate. For this reason, Thomas Henderson is "the United States Attorney" authorized to seek immunity orders under section 6003 in the case for which he was designated. This case simply does not present the question of whether section 6003 would permit a special attorney to rely on section 515(a) powers to circumvent the United States Attorney in petitioning for immunity.

The judgment of the lower court upholding the validity of the immunity order is accordingly

AFFIRMED.

tion made by the official with a conflict of interest.