In re Miscellaneous Grand Jury Proceedings, Rodney CAMPBELL, Foreperson.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael D. SMITH, Defendant-Appellant.**

In re Miscellaneous Grand Jury Proceedings, Rodney CAMPBELL, Foreperson.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael D. SMITH, Defendant-Appellant.**

**Nos. 80–1401, 80–1523.**

United States Court of Appeals, Ninth Circuit.

No. 80–1401 Submitted July 28, 1980.

No. 80–1523 Submitted Sept. 5, 1980.

Decided Sept. 29, 1980.

Brian O'Neill, Manatt, Phelps, Rothenberg & Tunney, Los Angeles, Cal., on brief, for defendant-appellant.

William F. Pendergast, Los Angeles, Cal., John Arterberry, Washington, D. C., on brief, for the United States.

Before SNEED, ANDERSON, and TANG, Circuit Judges.

PER CURIAM:

Smith appeals from separate orders dated June 18, 1980, and July 29, 1980, respectively, finding him to be in contempt for refusals to testify before the grand jury. We affirm.

These consolidated appeals arise from essentially the same series of events. The

witness Smith was subpoenaed to testify before a federal grand jury on June 11, 1980. After he invoked his fifth amendment privilege against self-incrimination, the district court granted Smith use immunity pursuant to 18 U.S.C. § 6002 and ordered him to appear. After Smith persisted in his refusal to testify, a hearing was held on June 18, at the conclusion of which Smith was adjudged to be in contempt of court and ordered to be confined. In substance, Smith had claimed that the granting of immunity was not coextensive with his fifth amendment privilege against self-incrimination because his testimony might still be used against him by the government of Mexico in a prosecution for certain potentially illegal activities arising in that country. Smith immediately filed a notice of appeal (No. 80–1401), and an emergency application for bail pending appeal. The bail application was denied by a judge of this circuit. On the afternoon of June 18, following denial of his bail application, Smith again appeared before the district court and announced that he was prepared to testify. The court purged Smith of contempt, and directed him to testify the next day. Smith testified on June 19, and was directed to appear again before the grand jury at a later date.

Smith appeared again on July 29, 1980, and refused to testify. The district court again ordered Smith incarcerated. Smith testified on July 30, 1980, and filed a second notice of appeal (No. 80–1523) that day. Smith later testified again on July 31, August 5, and August 7. At his last appearance, Smith was told by the grand jury foreman that he would be required to appear at some unspecified time in the future. Smith later moved to consolidate his appeals, and we granted his motion on September 5, 1980. The issues in these appeals are identical, and counsel for both sides have declined to file any additional briefs for No. 80–1523.

## I. *MOOTNESS*

The government has moved to dismiss these appeals as moot because Smith has been purged of contempt and has testified in both cases. A long line of precedent holds that once a civil contempt order is purged, no live case or controversy remains for adjudication. *See Marshall v. Whittaker Corp., Berwick Forge, Etc.,* 610 F.2d 1141 (3d Cir. 1979); *Securities and Exchange Commission v. Sloan,* 535 F.2d 679 (2d Cir. 1976); *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977); *Matter of Berry,* 521 F.2d 179 (10th Cir.), *cert. denied,* 423 U.S. 928, 96 S.Ct. 276, 46 L.Ed.2d 256 (1975); *United States v. Watson Chapel School District No. 24,* 446 F.2d 933 (8th Cir.), *cert. denied,* 404 U.S. 1059, 92 S.Ct. 739, 30 L.Ed.2d 747 (1971); *Federal Trade Commission v. Stroiman,* 428 F.2d 808 (8th Cir. 1970); *Murrell v. United States,* 253 F.2d 267 (5th Cir. 1958); *cf. Securities and Exchange Commission v. Laird,* 598 F.2d 1162 (9th Cir. 1979).

We reaffirm the principle that the purging of a contempt order will normally terminate a case or controversy and render appeal from the order moot. We find, however, that the present appeal is not moot. Smith has been informed that he will be required to appear again and apparently be asked to give testimony which arguably will implicate the same fifth amendment interests which have been raised in these appeals. His situation is similar to that of the grand jury witness in *Matter of Special Sept. 1978 Grand Jury (II) (Wall),* 590 F.2d 245 (7th Cir.), *cert. denied,* 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045 (1979). In *Wall,* the witness had been ordered to appear before a special grand jury which was likely to continue until some time in 1981. The order granting immunity was unrestricted as to date. In the face of such certainty that the identical issue was likely to recur, the Seventh Circuit held that the witness' appeal was not moot. Smith faces the same degree of certainty in the present case. He has been told by the foreman of the grand jury that he is to be recalled at a later date to testify on the same subject matter. We emphasize that were it not for the statement of the grand jury foreman, we would be inclined to find that the purging of the contempt orders mooted the present ap-

peals. It is the near-certainty of repetition which compels our holding.

## II. *FIFTH AMENDMENT*

The merits of Smith's appeal present the issue of whether the possibility of criminal prosecution in a foreign jurisdiction renders a grant of use immunity under 18 U.S.C. § 6002 ineffective to protect his privilege against self-incrimination. Smith is a frequent resident of Mexico, and transacts a great deal of business in that country. His testimony before the grand jury apparently involves potentially illegal transactions falling under Mexico's criminal jurisdiction. He argues in substance that the grand jury secrecy provisions of Fed.R.Crim.P. 6 are insufficient to prevent possible leakage of his testimony to Mexican authorities.

■ Smith's argument, however, has been foreclosed by previous decisions in this circuit. *See In re Federal Grand Jury Witness (Lemieux)*, 597 F.2d 1166 (9th Cir. 1979); *In re Weir*, 495 F.2d 879 (9th Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974). It is the law of this circuit that the possibility of the use of grand jury testimony by a foreign jurisdiction does not violate a witness' privilege against self-incrimination. The Supreme Court's holding in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), does not compel an opposite conclusion. We are bound to follow the precedent of this circuit.

The orders of the court below are

AFFIRMED.

TANG, Circuit Judge, concurring:

I concur. I note, however, that even if the grand jury foreman had not told Smith that he would be required to appear in the future, I would still hold that Smith's appeal was not moot. *See Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *Matter of the Special September 1978 Grand Jury (II)*

* *Editor's Note:* The opinion of the United States Court of Appeals, Ninth Circuit in *United States v. Miller*, published in the advance

*(Wall)*, 590 F.2d 245 (7th Cir.), *cert. denied*, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045 (1979).