**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

BRUCE WEYHRAUCH,
            *Defendant-Appellee.*

No. 07-30339

D.C. No.
CR-07-00056-JWS
District of Alaska,
Anchorage

ORDER

Filed September 8, 2008

Before: Dorothy W. Nelson, A. Wallace Tashima and
Raymond C. Fisher, Circuit Judges.

## ORDER

The government initiated this interlocutory appeal after the district court granted a pretrial motion excluding certain evidence from a mail fraud prosecution. Because the government has failed to establish that this interlocutory appeal has been properly certified under 18 U.S.C. § 3731, we issue this third and final order for the government to show cause why this appeal should not be dismissed for lack of jurisdiction.

### *BACKGROUND*

The government indicted Defendant-Appellee Bruce Weyhrauch for allegedly attempting to commit honest services mail fraud, among other charges. On September 4, 2007, the day before trial, the district court excluded evidence the government proffered to support its theory that Weyhrauch had breached his duty to provide honest services by failing to disclose that he had solicited or was negotiating for employment

13675

with a company interested in pending legislation. At the final pre-trial conference the next morning, Nicholas Marsh, an attorney from the Department of Justice, Criminal Division, Public Integrity Section (PIS), and lead trial counsel orally advised the court that the government intended immediately to appeal the ruling under 18 U.S.C. § 3731. Marsh further represented that the appeal would not be taken for purpose of delay and that the excluded evidence was substantial proof of a fact material in the proceeding. The district court stayed the trial to allow this interlocutory appeal.

Section 3731 authorizes interlocutory appeals by the government "if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731.[1] Because the purported certification to the district court was made by a PIS trial attorney and not the United States Attorney, before oral argument we issued an order to show cause why the appeal should not be dismissed as improperly certified. In its response, the government argued that trial attorney Marsh's certification was sufficient under § 3731 because it was made in consultation with and at the direction of William M. Welch II, Chief of PIS, who was overseeing this prosecution. Alternatively, the government submitted a written certification by Chief Welch, dated July 25, 2008, that the interlocutory appeal is not being taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

---

[1]Section 3731 provides:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

18 U.S.C. § 3731.

Because this response did not explain how Chief Welch, who is not a United States Attorney, could properly certify an appeal under § 3731, we issued a second order to show cause after oral argument requiring the government to provide "whatever documentary evidence exists that the Attorney General delegated authority to the Chief of Public Integrity Section of DOJ, William M. Welch II, including authority to certify the case for interlocutory appeal under 18 U.S.C. § 3731, or to explain the absence of such a delegation."

In response to the second order to show cause, the government submitted as its only evidence supporting Chief Welch's certification authority a formal notice, dated November 7, 2005, from the Executive Office for United States Attorneys (EOUSA) stating that "that the Associate Deputy Attorney General has approved the office-wide recusal of the United States Attorney's Office for the District of Alaska from the investigation" that led to the prosecution of defendant Weyhrauch.[2] The notice further explained that the "Department of Justice, Public Integrity Section, has agreed to handle the matter in its entirety," and referred to an earlier "partial recusal of the District in September 2004."

The government also continued to argue that trial attorney Marsh's September 5, 2007 certification was sufficient, but on a new theory that he was himself authorized to certify the appeal. The government submitted a May 24, 2004 letter to Marsh from Deputy Assistant Attorney General John C. Keeney, which states:

---

[2]The government characterized our August 6 order as requesting documentary evidence "concerning the *recusal* of the United States Attorney's Office for the District of Alaska," (emphasis added), when the order actually requested documentation that "that the Attorney General *delegated* authority to [Chief Welch] to perform the duties of acting United States Attorney in this matter, which included certifying this appeal pursuant to 18 U.S.C. § 3731," (emphasis added). The government's apparent confusion is difficult to understand in light of the lengthy discussion of the certification issue at oral argument.

> As an attorney for the Government employed full time by the Department of Justice and assigned to the Criminal Division, you are hereby authorized and directed to file informations and to conduct in the District of Alaska and any other judicial district any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before United States Magistrate Judges, which the United States Attorneys are authorized to conduct.

The government also submitted a copy of 28 C.F.R. § 0.13(a), which provides:

> Each Assistant Attorney General and Deputy Assistant Attorney General is authorized to exercise the authority of the Attorney General under 28 U.S.C. 515(a), in cases assigned to, conducted, handled, or supervised by such official, to designate Department attorneys to conduct any legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not the designated attorney is a resident of the district in which the proceedings is brought.

28 C.F.R. § 0.13(a).[3] Although the government did not fully articulate its argument, we assume it wants us to construe 28 C.F.R. § 0.13(a) as authorizing the Deputy Assistant Attorney

---

[3]28 U.S.C. § 515(a) provides:

The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

General to designate any DOJ attorney to certify an appeal under 18 U.S.C. § 3731, and that Marsh was so authorized by the May 2004 letter.

## *ANALYSIS*

In its two responses, the government has now advanced three reasons why it believes this appeal is properly certified. First, it contends that Marsh's certification to the district court was adequate because he made it at the direction of Chief Welch. Second, it believes Chief Welch's July 25, 2008 written certification is sufficient to ratify the earlier oral certification. Finally, it appears to argue that trial attorney Marsh was authorized to certify the appeal to the district court because he was specially appointed pursuant to 28 U.S.C.§ 515(a) and 28 C.F.R. § 0.13(a) in May 2004.

Before addressing each of these arguments, we note that our prior decisions make clear that a § 3731 certification must be made personally by the United States Attorney, *see United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008) (en banc) ("[A] certification by a United States Attorney (*personally, not by an Assistant United States Attorney*) that the appeal is not taken for the purpose of delay and that the evidence is substantial proof of a fact material in the proceeding is sufficient for purposes of establishing our jurisdiction under § 3731." (emphasis added)); *see also United States v. Gantt*, 179 F.3d 782, 787 (9th Cir. 1999) (noting that "unlike many other rules, § 3731 specifically requires certification by the United States Attorney" (internal quotation marks omitted)), *amended on other grounds by* 194 F.3d 987 (9th Cir. 1999), or by someone acting with legitimate, delegated authority that is sufficiently documented, *see United States v. Wallace*, 213 F.3d 1216, 1219 (9th Cir. 2000) (holding that a certification made by someone other than the United States Attorney is valid only if that person is properly delegated the United States Attorney's authority and the certification is "accompa-

nied by the documents establishing [the other person's] authority to sign").

## A. A Trial Attorney's Certification Made at the Direction of a United States Attorney is Insufficient Under § 3731.

In our recent en banc decision in *Grace*, we reconsidered what 18 U.S.C. § 3731 requires of the government to establish our jurisdiction to hear its interlocutory appeal. We overruled long-standing circuit precedent that required the government to make a preliminary showing, in addition to the certification itself, that the excluded evidence is truly material to the prosecution. In so holding, we relied heavily upon the requirement that the certification must be "by a United States Attorney (*personally*, not by an Assistant United States Attorney)." *Grace*, 526 F.3d at 506 (emphasis added). Although *Grace* had not been decided at the time trial attorney Marsh purported to certify this appeal in the district court, our earlier decisions already made clear that a trial attorney's certification is insufficient under the statute. *See Wallace*, 213 F.3d at 1219; *Gantt*, 179 F.3d at 787. Moreover, even though the government's reply brief in this appeal cited *Grace*, the government made no effort to cure or justify the absence of the United States Attorney's certification here until we raised the issue sua sponte, and has still not effectively done so despite our two orders to show cause.

## B. A Certification by Anyone Other than the United States Attorney Requires the Government to Submit Documentation of That Person's Properly Delegated Authority to Certify the Appeal.

The government also has not demonstrated that Chief Welch had sufficient authority to certify this appeal under § 3731. The November 2005 recusal notice shows only that the Associate Deputy Attorney General authorized the recusal of the United States Attorney's office for the District of

Alaska (initially a partial recusal) and suggests that the Associate Deputy Attorney General approved the decision of the PIS to take over the investigation and related proceedings.

If an *entire* United States Attorney's office is recused from an investigation, someone necessarily must take over as acting United States Attorney. It is logical to assume that the person in charge of whatever office takes over the investigation would be acting United States Attorney. The government's submission nonetheless fails to explain the mechanism, process or statutory authority by which the Associate Deputy Attorney General (or some other ranking official in the Department of Justice) would appoint Chief Welch as acting United States Attorney once the entire United States Attorney's office for the District of Alaska was recused.

Although we have found no statutory framework specifically addressing office-wide recusals, *see In re Special September 1978 Grand Jury (II)*, 590 F.2d 245, 248 (7th Cir. 1979) (noting that no statutory framework governs office-wide recusal of a United States Attorney's office), the United States Attorney Manual (USAM) provides informal guidance.[4] The General Counsel's Office of the EOUSA coordinates office-wide recusals, obtains necessary approvals and helps arrange the transfer of responsibility to another office, "including any designations of attorneys as a Special Attorney or Special Assistant to the Attorney General (see USAM 3-2.300) pursuant to 28 U.S.C. Sec. 515." USAM 3-2.170. When an entire office is recused,

> the Attorney General may, pursuant to 28 U.S.C. Sec. 515, appoint any officer of the Department of Justice, or any attorney specially appointed under law, to conduct any kind of legal proceeding which

---

[4]The United States Attorney Manual is available at http://www.usdoj. gov/usao/eousa/foia_reading_room/usam/title3/2musa.htm (last visited August 18, 2008).

United States Attorneys are authorized by law to conduct, whether or not such appointee is a resident of the district in which the proceeding is brought. Said appointee specially retained under authority of the Department of Justice is appointed as a Special Assistant or a Special Attorney to the Attorney General and reports directly to the Attorney General or delegee. Such appointments are executed by the Executive Office for United States Attorneys.

USAM 3-2.300. The manual thus suggests that DOJ approaches office-wide recusals, and the need to appoint an acting United States Attorney from outside the local United States Attorney's office, through the framework of 28 U.S.C. § 515(a).

The government has not submitted any documentation that the Attorney General or his delegee in the EOUSA explicitly appointed Chief Welch as a special attorney or special assistant under 28 U.S.C. § 515(a) to be the acting United States Attorney for the Weyhrauch investigation and prosecution. The November 2005 recusal notice does not show such an appointment occurred. Accordingly, Chief Welch's July 25, 2008 certification is insufficient. *See Wallace*, 213 F.3d at 1219 (holding that a certification made by someone other than the United States Attorney must be accompanied by the documents establishing that person's authority to certify).

## C.   A Trial Attorney Specially Appointed Under 28 U.S.C. § 515(a) or 28 C.F.R. § 0.13(a) May Not Certify an Appeal Under 18 U.S.C. § 3731.

Under 28 U.S.C. § 515(a) and 28 C.F.R. § 0.13(a), the Attorney General and other senior-level DOJ personnel can authorize department attorneys to conduct "any legal proceeding . . . which United States attorneys are authorized to conduct." These provisions allow the Attorney General to give authority otherwise restricted to United States Attorneys to

certain other attorneys, considerably expanding who may undertake those tasks.

In contrast, however, 18 U.S.C. § 3731 requires that the United States Attorney personally certify an interlocutory appeal. "By specifying that the United States Attorney must certify the appeal, Congress plainly intended that the decision to take an interlocutory appeal be a serious, considered judgment . . . ." *Grace*, 526 F.3d at 507. Although we have recognized some exceptions to this requirement, they have been limited. *See, e.g.*, *Wallace*, 213 F.3d at 1219 (allowing someone other than the United States Attorney to certify an appeal only if such certification is accompanied by documentation of that person's valid authority). We therefore cannot read 28 U.S.C. § 515(a) as a blanket authority to substitute just any DOJ attorney into the certification role Congress envisioned in § 3731.

On its face, 28 U.S.C. § 515(a) allows DOJ to appoint someone as a special attorney even while the United States Attorney for the district is active and available (as appears to have been the case here at the outset of the investigation). If, as the government would have it, a § 515(a) appointment without more implicitly authorizes a special attorney to certify an interlocutory appeal, multiple individuals could be authorized to certify an interlocutory appeal in the same district, at the same time, as to the same matter. This would undercut the strict statutory requirement of personal certification by the United States Attorney and the carefully circumscribed exceptions this court has recognized; and it would eliminate the considered, objective judgment of a senior DOJ official that Congress intended. *See Grace*, 526 F.3d at 507 (emphasizing that a decision to take an interlocutory appeal is to be a "serious, considered judgment" by the United States Attorney).

The flaw in the government's argument is illustrated in this very case. The authorization letter to Marsh is dated May 24, 2004, but the recusal notice was not issued until November 5,

2005 and refers to a "partial" recusal in September 2004. The letter to Marsh therefore predated by at least four months the recusal of the United States Attorney for the District of Alaska from the case. Under the government's interpretation of 28 C.F.R. § 0.13(a), Marsh would have had authority to certify an appeal under § 3731 in May 2004, even though the United States Attorney was active and not recused at that time, and thus able to exercise the certification authority personally.

Finally, and most tellingly, the government's belated effort to invest Marsh directly with the United States Attorney's certification authority is belied by its response to our first order to show cause, wherein the government argued that the certification was proper because Marsh made it *at the direction* of Chief Welch. The government cannot credibly explain why Marsh needed Chief Welch's authorization if Marsh himself already stood in the United States Attorney's shoes by virtue of a form letter specially appointing him lead trial prosecutor three years earlier.

Plainly, someone above Marsh's paygrade had to have been properly designated the acting United States Attorney as to this matter for purposes of making the requisite certification under § 3731. The government has represented that person was Chief Welch, but has failed to document or explain how that occurred. Without a proper certification, we lack jurisdiction to hear this interlocutory appeal.

\* \* \*

The government has now made three unsuccessful attempts to comply with the certification requirement of 18 U.S.C. § 3731.[5] Although we appreciate that the circumstances of this case are unique and that the issue tendered on the merits is a

---

[5]These three attempts consist of the government's original "certification" and its subsequent responses to our two previous orders.

significant and serious one, at some point we must call a halt to our repeated attempts to induce a proper certification; so far, it appears that there is "no there there." So there is no misunderstanding about it, this order to show cause is the *final* opportunity for the government to make a proper record under § 3731.

Accordingly, we hereby **ORDER**:

1. The government shall submit evidence that Chief Welch was properly delegated authority to certify this appeal under 18 U.S.C. §3731 and shall explain the statutory or regulatory basis by which such delegation was authorized.

2. The government's response shall be filed within 14 calendar days of the filed date of this Order and served on Defendant-Appellee Weyhrauch, who may then file a response within 7 calendar days, if he chooses.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.